# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JAMES BRANKO STOJIC,

    *Plaintiff*,

vs.

A. AGUILLARD, *et al.*,

    *Defendants*.

2:13-cv-00521-GMN-CWH

ORDER

    This *pro se* prisoner civil rights action comes before the Court on its pending inquiry as to whether *Younger* abstention requires that plaintiff's claims for injunctive relief be dismissed and that his claims for monetary damages be stayed. This order follows upon the Court's show-cause order (#11) and plaintiff' response thereto (#12).

    According to the allegations of the complaint, plaintiff James Stojic is a detainee being held in the Clark County Detention Center on Nevada state criminal charges.[1] Stojic alleges that numerous defendants named or referenced generically in the complaint have conspired to file false criminal allegations against him and/or to follow unconstitutional policies and procedures in his pending state criminal prosecutions. He lists nine named or generically described defendants, including a state district court judge, his appointed criminal defense counsel, numerous police officers, the person who set his bail initially at his arrest, and the "person who illegally took my picture in court." Plaintiff alleges, *inter alia*, that he has been "framed" and that his bail is excessive. He seeks injunctive relief as well as compensatory damages. Plaintiff's prayer for injunctive relief include requests to be released from state custody, to have the federal district court directly intervene in the pending state criminal proceedings and dismiss his pending state cases, and to have his arrest record cleared.

---

[1] It appears from plaintiff's filings that he has been charged with identity theft related offenses.

Under the abstention doctrine in *Younger v. Harris*, 401 U.S. 37 (1971), absent extraordinary circumstances, a federal court may not enjoin or otherwise interfere with a pending state criminal proceeding through a grant of injunctive relief. Where *Younger* abstention is required, any claims for injunctive relief must be dismissed. Moreover, the action must be stayed as to any damage claims. *See, e.g., Gilbertson v. Albright*, 381 F.3d 965, 981 (9th Cir. 2004)(*en banc*); *see also Wallace v. Kato*, 549 U.S. 384, 393-94 (2007)(if plaintiff files a damage action that would impugn a possible future conviction, a stay may be appropriate until the criminal proceedings are concluded); *Heck v. Humphrey*, 512 U.S. 477, 487 n.8 (1994)(similar). *Younger* abstention may be raised by the federal court *sua sponte*. *See, e.g., San Remo Hotel v. City and County of San Francisco*, 145 F.3d 1095, 1103 n.5 (9th Cir. 1998).

Plaintiff's show-cause response does not present extraordinary circumstances that would support federal intervention in the pending state criminal proceedings. Plaintiff urges, *inter alia*, that the investigating officers acted in bad faith by lying, hiding exculpatory evidence, and planting inculpatory evidence. Such allegations can be raised in the pending state criminal proceedings, however. If defense counsel and/or appellate counsel do not pursue such issues in the state district court and on direct appeal, plaintiff thereafter, if convicted, can allege in post-conviction proceedings that their failure to do so constituted constitutionally ineffective assistance of counsel. The same conclusion holds true regarding any allegations of error in the state district court. Such allegations may be raised in the state supreme court, and, if counsel does not do so, plaintiff will have an opportunity in post-conviction proceedings to allege that counsel provided ineffective assistance of counsel in failing to do so. What plaintiff may not do under *Younger*, however, absent extraordinary circumstances not presented here, is pursue his concerns about the conduct of the investigation, the prosecution, and the state criminal proceedings in a federal civil rights action while the state criminal proceedings are ongoing.

**IT THEREFORE IS ORDERED** that all claims for injunctive and declaratory relief in the complaint are DISMISSED without prejudice.

**IT FURTHER IS ORDERED** that all remaining claims in the complaint are **STAYED** pending the outcome of plaintiff's state criminal proceedings, through to the completion of all

1  proceedings on direct review of any judgment of conviction.[2]

2       **IT FURTHER IS ORDERED** that the Clerk of Court shall **ADMINISTRATIVELY**
3  **CLOSE** this action until such time as the Court grants a motion to reopen the matter.

4       **Nothing in either this Court's orders to date or the pendency of this federal action**
5  **in any manner restrains the state courts from proceeding in the pending criminal**
6  **prosecutions, including with any trial, sentencing, or any other proceeding.**

7       The Clerk additionally shall mail an informational hard copy of this order to the Hon.
8  Douglas E. Smith, District Judge, Regional Justice Center, 200 Lewis Ave., Las Vegas, NV
9  89155, in connection with No. C-12-285105-1 in the state district court.

10       **DATED** this 4th day of March, 2014.

                                          _____
                                          Gloria M. Navarro
                                          United States District Judge

---

[2]Nothing in this order suggests by implication that the complaint is free of other deficiencies and/or that plaintiff would present a cognizable federal civil rights claim following a conviction, absent, *e.g.*, an order overturning the conviction on appeal or on post-conviction review.

     If plaintiff files any further papers in this Court containing profanity, such as was used at the bottom of page 38 of his show-cause response, he will be sanctioned, which may include imposition of a substantial monetary sanction to be drawn in installments from his inmate account until paid in full.